UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

DONTE SALLEY,

    Movant,

v.

    Case No. 2:07-cr-00063-2
    Case No. 2:09-cv-~~01226~~ 01109

UNITED STATES OF AMERICA,

    Respondent.

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, effectively filed on September 25, 2009 (docket ## 60, 61, 66). Donte Salley (hereinafter "Defendant") is serving a 108 month sentence (originally imposed as a 135 month term on August 28, 2007; reduced to 108 months pursuant to the retroactive crack cocaine amendments to the guidelines, # 53). Judgment was imposed following his guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Judgment entered August 30, 2007, # 44.) Defendant did not take a direct appeal.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year

period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Defendant's conviction became final on the 11th day after the entry of the judgment, or September 13, 2007, because he did not pursue a direct appeal. The one year period for filing a § 2255 motion expired on September 13, 2008.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction became final on or about September 13, 2007, when the time for filing a notice of appeal expired, and none of the other events specified in section 2255 apply in this case. Therefore, Defendant's time to file his section 2255 motion expired on or about September 13, 2008, and his petition is untimely, having been filed more than one year late.

It is respectfully **RECOMMENDED** that the § 2255 motions (## 61 and 66) be dismissed with prejudice.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

November 23, 2009  
Date

Mary E. Stanley  
United States Magistrate Judge